UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| William Hamilton, | ) | C/A No. 4:09-0304-HMH-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Lavern Cohen, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, William Hamilton, ("Petitioner/Hamilton) is an inmate in the custody of the South

Carolina Department of Corrections (SCDC). Petitioner, appearing *pro se*, filed his petition for a

writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on February 11, 2009. Respondent filed a

motion for summary judgment on May 13, 2009, along with a return and supporting memorandum.

An order was filed on May 14, 2009, pursuant to  Roseboro v. Garrison, 528 F.2d 309 (4th Cir.

1975), advising Petitioner of the motion for summary judgment procedure and the possible

consequences if he failed to file a response. On December 28, 2009, Petitioner filed a response to

Respondent's motion for summary judgment.


# I.  PROCEDURAL HISTORY

The procedural history as set forth by the Respondent in his memorandum has not been

seriously disputed by the Petitioner. Therefore, the undersigned will set out the procedural history

as set forth by the Respondent as to the 1999 conviction.

---

[1] This habeas corpus case was automatically referred to the undersigned United States
Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02,
DSC.  Because this is a dispositive motion, this report and recommendation is entered for review
by the district judge.

Petitioner is currently incarcerated in the Ridgeland Correctional Institution, of the South Carolina Department of Corrections (SCDC), as the result of his Florence County conviction and sentence for distribution of crack cocaine, third offense. However, the Petition for Writ of Habeas Corpus attacks an earlier (1999) conviction for which he is no longer incarcerated. *See* Petition for Writ of Habeas Corpus, ¶¶ 1-5.

1999 conviction.:

The Florence County Grand Jury indicted Petitioner at the October 1999 term of court for possession of crack cocaine with intent to distribute and possession of crack cocaine with intent to distribute within  proximity of a public park (99-GS-21-1471). (2003 App. pp. 35-36. John S. DeBerry, Esquire, represented him on these charges).

On October 26, 1999, he pleaded  guilty to possession of crack cocaine, second offense before the Honorable James E. Brogdon, Jr. Judge Brogdon sentenced him to seven years imprisonment. Petitioner did not appeal his conviction or sentence. (2003 App. pp. 1-10; 37).

 However, Petitioner filed a Post-Conviction Relief (PCR) Application on January 29, 2000, (00-CP-21-134). In his original petition, Petitioner alleged the following grounds for relief:

1. Ineffective assistance of counsel [because] trial counsel failed to investigate case [and] trial counsel failed to prepare [a] defense.

(2003 App. pp. 12-16).

The State filed its return on August 1, 2000. (2003 App. pp. 17-20).

Petitioner was paroled from this conviction on November 21, 2002. An evidentiary hearing was convened before the Honorable B. Hicks Harwell, Jr. on December 17, 2002, at the Florence County Courthouse. Charles M. Luther, Jr., Esq., represented him at the hearing. Petitioner was not present at that hearing, and the State moved, pursuant to Rule 41(b), SCRCP, to dismiss the case due

to Petitioner's failure to prosecute. Judge Harwell granted the motion. (2003 App. pp. 21-28). A formal Order of Dismissal, based upon the failure to prosecute, was filed on January 27, 2003. (2003 App. p. 30).

Petitioner filed a Notice of Motion and Motion to Alter or Amend Judgment, with a supporting affidavit, on December 27, 2002. (2003 App. pp. 31-33). Judge Harwell filed an Order on January 10, 2003, in which he reconfirmed his grant of the State's motion, held that Petitioner failed to show good cause for failure to appear and denied Petitioner's Motion to Alter or Amend Judgment. (2003 App. p. 34).

Petitioner timely served and filed a notice of appeal. Senior Assistant Appellate Defender Wanda H. Haile represented him in collateral appellate proceedings. On November 20, 2003, Ms. Haile filed a *Johnson* Petition for Writ of Certiorari[3] on Petitioner's behalf and petitioned to be relieved as counsel. The *Johnson* Petition presented one issue for review:

> The PCR court erred in dismissing petitioner's action for failure to prosecute when he did not appear at the evidentiary hearing because there was no showing of unreasonable neglect demonstrated by petitioner regarding the case.

(2003 *Johnson* Petition, p. 3).

The South Carolina Supreme Court filed an Order on August 13, 2004, denying counsel's petition to be relieved and directing the parties to address the following issue:

> Did the post-conviction relief (PCR) judge err in dismissing petitioner's PCR application for failure to prosecute?

Petitioner filed a Petition for Writ of Certiorari addressing this issue on December 9, 2004. The State filed a Return to Petition for Writ of Certiorari on April 8, 2005.

The South Carolina Supreme Court filed an unpublished Opinion on May 16, 2005, in which

it granted the Petition for Writ of Certiorari (concerning 00-CP-21-134), dispensed with further briefing and reversed the PCR court's dismissal of Petitioner's application for PCR in his 1999 conviction. *Hamilton v. State*, 05-MO-019 (S.C. S.Ct, May 16, 2005). The Court held that there was evidence to support Petitioner's argument that the PCR judge incorrectly dismissed his PCR application. The Court found that Petitioner had not acted with irresponsible neglect in proceeding with the case. It sent the Remittitur to the Florence County Clerk of Court on June 1, 2005.

The Honorable J. Michael Baxley held a hearing on remand on March 15, 2006, at the Florence County Courthouse. Petitioner was present at the hearing; and Patrick J. McLaughlin, Esquire, represented him. Assistant Attorney General Sabrina C. Todd represented the State. (App. pp. 21-57). Judge Baxley denied Petitioner's PCR Application in an Order Denying Post-Conviction Relief filed on August 2, 2006. This Order addressed Petitioner's allegation that counsel was ineffective because he failed to properly investigate and advise Petitioner about the potential of a motion to suppress the crack cocaine seized from his person; that counsel was ineffective for not requesting a preliminary hearing; and that counsel misadvised him with respect to the nature of the charges he faced. (App. pp. 59-66).

Petitioner timely served and filed a notice of appeal. Deputy Chief Attorney Wanda H. Carter, of the South Carolina Office of Indigent Defense's Division of Appellate Defense, represented him in collateral appellate proceedings. the following issue:

> Trial counsel erred in allowing petitioner to plead guilty without investigating into and developing a defense on the consent issue in the case.

(Petition).[2]

---

[2] This is the allegation Petitioner raises in this petition for Writ of Habeas Corpus.

The State filed a Return to Petition for Writ of Certiorari on July 23, 2007. On January 23, 2008, the South Carolina Supreme Court filed an Order denying certiorari. It sent the Remittitur to the Florence County Clerk of Court on February 8, 2008.

## II.  HABEAS ALLEGATIONS

Petitioner raises the following allegation in his *pro se* Petition for Writ of Habeas Corpus, quoted verbatim:

GROUND ONE: Petitioner was convicted on the basis of a guilty plea that was the product of ineffective assistance of counsel.

Supporting Facts: Was not informed of Fourth Amendment right regarding illegal search based on the issue he did not consent to the search. Petitioner only seen counsel the day before plea. Counsel failed to investigate to see whether a defense could have been developed. Petitioner was not explained about he fruits of the poisonous tree doctrine.

(Petition).

## III.  SUMMARY JUDGMENT

On May 13, 2009, the Respondent filed a return and memorandum of law in support of his motion for summary judgment.

A federal court must liberally construe pleadings filed by pro se litigants, to allow them to fully develop potentially meritorious cases.  See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972).  In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the

pleadings to allege facts which set forth a federal claim,  <u>Weller v. Department of Social Services</u>, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists.  If none can be shown, the motion should be granted.  Fed. R. Civ. P. 56(c).  The movant has the burden of proving that a judgment on the pleadings is appropriate.  Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial."  The opposing party may not rest on the mere assertions contained in the pleadings.  Fed. R. Civ. P. 56(e) and <u>Celotex v. Catrett</u>, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial.  <u>See</u> Fed. R. Civ. P. 56(c).  Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact."  In the <u>Celotex</u> case, the court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof.  <u>Celotex</u>, 477 U.S. at 322-323.


## IV.  STANDARD OF REVIEW

Since Hamilton filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d),

as amended.  <u>Lindh v. Murphy</u>, 117 S. Ct. 2059 (1997); <u>Breard v. Pruett</u>, 134 F.3d 615 (4th Cir. 1998); <u>Green v. French</u>, 143 F.3d 865 (4th Cir. 1998).  That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

To a large extent, the amendment of § 2254 shifts the focus of habeas review to the state court application of Supreme Court law.  <u>See</u> <u>O'Brien v. DuBois</u>, 145 F.3d 16 (1st Cir. 1998) ("the AEDPA amendments to section 2254 exalt the role that a state court's decision plays in a habeas proceeding by specifically directing the habeas court to make the state court decision the cynosure of federal review.").  Further, the facts determined by the state court to which this standard is applied are presumed to be correct unless rebutted by the Petitioner by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

The United States Supreme Court has addressed procedure under § 2254(d).  <u>See</u> <u>Williams v. Taylor</u>, 529 U.S. 362, 120 S.Ct. 1495 (2000).  In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1). Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." <u>Id</u>. at 1521.

The AEDPA became effective on April 24, 1996.  The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts.

# V. "IN CUSTODY"

Respondent first argues that this action should be dismissed as Petitioner does not satisfy the "in custody" requirement. Respondent asserts that Petitioner is no longer "in custody" for the 1999 conviction he is challenging in this habeas petition. Respondent argues that Petitioner does not attack his April 2004 sentence in this petition and does not attack his April 2004 sentence as being enhanced by the prior allegedly invalid 1999 conviction. Respondent asserts that the petition "unequivocally reflect s that Petitioner's only challenge is to the 1999 conviction. Respondent argues that Petitioner's only allegation related to his counsel's ineffectiveness is in connection with a plea and his 2004 conviction resulted from a jury trial. Thus, Respondent asserts that the petition cannot be construed as a challenge to the current sentence as modified by the prior conviction, and Petitioner does not satisfy the "in custody" requirement.

Petitioner did not address the argument in his response in opposition to the motion for summary judgment.

Based on the procedural history, Petitioner pleaded guilty in 1999 to possession of crack cocaine, second offense and was sentenced to seven years. Petitioner is no longer in custody for this conviction. However, Petitioner is currently confined pursuant to a 2004 conviction in which he was found guilty after a jury trial. In the federal habeas petition, Petitioner appears to only attack his 1999 conviction to which he entered a plea.[3] As set out above, the only allegations Petitioner raises

---

[3] It is noted that petitioner has a habeas petition pending in this court, 4:09-cv-1311-HMH-TER, attacking his 2004 conviction. See Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970). *See also* Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239, 1989 U.S.App. LEXIS® 16328 (4th Cir. 1989)("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'")

in this petition is "Petitioner was convicted on the basis of a guilty plea that was the product of ineffective assistance of counsel." (Petition).

As Petitioner is no longer "in custody" with respect to his 1999 conviction since the seven year sentence expired prior to the filing of this petition, the petition should be dismissed. Section 2254(a) limits the availability of a federal remedy to state prisoners who are "in custody." This requirement is satisfied if the Petitioner was in custody at the time the petition was filed, regardless of subsequent events. See Spencer v. Kemna, 523 U.S. 1, 7 (1998). The "in custody" requirement does not necessarily denote actual physical detention in jail or prison. Rather, the term is liberally construed as "restraints on a man's liberty, restraints not shared by the public, generally." Jones v. Cunningham, 371 U.S. 236, 240 (1963). It does not appear from the evidence submitted that Petitioner was released subject to restrictions. It appears that his seven year sentence had expired by the time Petitioner filed this petition even though he is currently incarcerated due to a 2004 conviction. If the Petitioner' sentence expired before the petition was filed, the Petitioner is not "in custody" regardless of lingering consequences (including having a current or future sentence enhanced based on the expired sentence). See Maleng v. Cook, 490 U.S. 488 (1989) (per curiam): Harris v. Ingram, 683 F.2d 97 (4th Cir. 1982). Therefore, it is recommended that this action be dismissed and Respondent's motion f or summary judgment granted on the fact that Petitioner is not "in custody" with regard to his 1999 conviction.

Even if, arguendo, he was "in custody" at the time of the filing of this petition, this action should be dismissed based on the statute of limitations as discussed below.

# VI.   DISCUSSION AS TO STATUTE OF LIMITATIONS

Respondent asserts that the Petitioner's claims must be dismissed as untimely. Specifically, Respondent asserts that the Petitioner's federal habeas petition should be dismissed because it was not timely filed under the one-year statute of limitations created by the AEDPA. Petitioner did not address this issue in his petition or in his response in opposition to the motion for summary judgment.

The applicable law is as follows: The AEDPA became effective on April 24, 1996.  The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts.  One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions.[4]  Subsection (d) of the statute now reads:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the <u>latest</u> of–
>
>> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the

---

[3] Prior to this amendment there was no statute of limitations.  Habeas Rule 9(a) allowed dismissal only where the state could show it had been prejudiced by a delay in filing.  <u>Duarte v. Hershberger</u>, 947 F. Supp. 146, 148, n.2 (D.N.J. 1996).

right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a "properly filed" application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. (Emphasis added).

As stated under the procedural history, Petitioner pleaded guilty on October 26, 1999, to possession of crack cocaine, second offense and was sentenced to seven years imprisonment. Petitioner had ten days to file an appeal. Petitioner did not file a direct appeal. Accordingly, the one year time within which to file for federal habeas relief began to run after he pleaded guilty and the ten days to file a direct appeal had expired. Therefore, Petitioner had one year from November 5, 1999, to file his habeas action under the AEDPA statute of limitations absent any tolling.

Petitioner filed his PCR application on January 29, 2000. Therefore, eighty-five (85) days of non-tolled time passed between the conclusion of direct review and the filing of the PCR application. The period of limitations for filing his federal habeas corpus action was tolled during the pendency of the PCR. The South Carolina Supreme Court issued the Remittitur to the Florence County Clerk of Court on February 8, 2008. Petitioner filed this habeas petition on February 11, 2009, with a <u>Houston v. Lack</u>, <u>supra,</u> delivery date of January 23, 2009[5]. However, even using the

---

[5] This is the date in the petition which Petitioner declared he placed the petition in the prison mailing system. (See page 10 of the petition). The "Mail Room" stamp date on the envelope appears to be January 30, 2009. However, since it was difficult to read, the undersigned will use the January 23, 2009, date.

date of January 23, 2009, another three hundred fifty (350) days of non-tolled time expired.[6] Thus, the time is outside the limitations period by seventy days. (350 + 85 = 435 days; 435-365= 70 days).

In the case of <u>Harris v. Hutchinson</u>, 209 F.3d 325 (4th Cir. 2000), the Fourth Circuit aggregated time periods to conclude that a federal habeas petition was time barred under 28 U.S.C. § 2244(d). In <u>Harris</u>, the Fourth Circuit stated:

> Thus, for Harris, the one-year limitation period imposed by §2244(d) commenced on April 24, 1996. Ten-and-one-half months later, on March 12, 1997, Harris filed his petition for state post-conviction review, which suspended the running of the one-year limitation period. This petition remained "pending" in state courts until January 7, 1998, when the Maryland Court of Appeals denied Harris' application for leave to appeal the denial of his petition. At this point, the clock began running again on the one-year limitation period, expiring one-and-one-half months later, in February 1998. Harris did not file his federal habeas petition until July 22, 1998, six months after his one-year period had expired. Therefore, the petition was time-barred under 28 U.S.C. § 2244(d).

<u>Harris</u>, 209 F.3d at 327.

Petitioner has not presented any evidence to warrant equitable tolling. In the case of <u>Rouse v. Lee</u>, 339 F.3d 238 (4th Cir. 2003), the Fourth Circuit held the following:

> Congress enacted AEDPA to reduce delays in the execution of state and federal criminal sentences, particularly in capital cases ... and to further the principles of comity, finality, and federalism." *Woodford v. Garceau*, --- U.S. ----, 123 S.Ct. 1398, 1401, 155 L.Ed.2d 363 (2003) (internal citations and quotation marks omitted). Nevertheless, we have held that the AEDPA statute of limitations is subject to equitable tolling. *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir.2000). As we held in *Harris*, however, rarely will circumstances warrant equitable tolling:
>
>> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be

---

[6] The Remittitur was issued on a Friday. However, even giving the Petitioner the benefit of the doubt and using the date of the next business day, the time is still outside of the limitations period by 68 days.

guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Id. Principles of equitable tolling do not extend to garden variety claims of excusable neglect. *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (equitable tolling did not apply where petitioner's lawyer was absent from the office when the EEOC notice was received, and petitioner filed within 30 days of the date he personally received notice). Equitable tolling "is appropriate when, but only when, 'extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit.' " *Spencer v. Sutton,* 239 F.3d 626, 630 (4th Cir.2001) (quoting *Harris,* 209 F.3d at 330). Accordingly, under our existing "extraordinary circumstances" test, Rouse is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.

The district court held that although the 1-year AEDPA limitations period is subject to equitable tolling, a "mistake of counsel does not serve as a ground for equitable tolling" as a matter of law. (J.A. at 328.) The court held that the circumstance that prevented Rouse from filing on time, his former counsel's "slight miscalculation by relying on Fed.R.Civ.P. 6(e)," was not an extraordinary circumstance beyond Rouse's control, and thus, that equitable tolling did not apply. (J.A. at 327-31.) The district court also found that Rouse's health during the limitations period did not warrant equitable tolling because he was not in "any way incompetent for a substantial part of the [limitations period]." (J.A. at 331.)

Id. at 246-247.

Applying the law as described, Petitioner has not presented an extraordinary circumstance

beyond Petitioner's control. Likewise, it is well established that a pro se prisoner's ignorance of the

law is not a basis to invoke equitable tolling. United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). [7]


## VII.  CONCLUSION

Based on the above reasons, it is RECOMMENDED that Respondent's motion for summary judgment (doc.#15) be GRANTED in its ENTIRETY, and the petition be dismissed without an evidentiary hearing.


Respectfully Submitted,


s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

January 13, 2010
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**

---

[7] As the petition is barred by the statute of limitations, the grounds raised in the petition will not be addressed on the merits.